UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

CIVIL ACTION NO. 06-74-KKC

SCOTT RAINS                                                                                    PLAINTIFF,

V.                              **MAGISTRATE JUDGE'S REPORT
                                 AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]                                              DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Scott Rains, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant

Commissioner's final decision denying Plaintiff's application for Social Security Disability

Insurance Benefits [hereinafter "DIB"].  This matter has been referred to the undersigned for

preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).  Now ripe for

decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is

recommended that Plaintiff's Motion for Summary Judgment (Record No. 13) be denied, Defendant

Commissioner's Motion for Summary Judgment (Record No. 14) be granted, and Judgment be

entered affirming the final decision of the Commissioner.

## II.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff was born on August 25, 1961, and was 41 years old when he filed his application

for DIB. Plaintiff has a limited education, having completed the 10th grade, and not having attained

_____

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.
Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is
automatically substituted for former Commissioner Jo Anne B. Barnhart as the defendant in this
suit.

a GED. (Tr. 398). His most recent work was as a welder at Toyota's Georgetown plant, though he also has previous experience as a sign installer and a carpenter. (Tr. 401-403). In 2001, the Plaintiff underwent two surgeries related to back problems; the first was a diskectomy and the second was a diskectomy revision, both surgeries were due to a herniated nucleus pulposus. (Tr. 204). During his second operation a lumbar fusion was performed, which included instrumentation. (Tr. 202-203). In addition to his physical impairment, Plaintiff also suffers from depression, although the Administrative Law Judge [hereinafter "ALJ"] found the medical record to be in conflict concerning the precise extent of the depression and its impact upon Plaintiff's ability to work. (Tr. 22). Plaintiff has not worked since his surgery, however, some evidence suggests he made an unsuccessful attempt to return to work in 2002.

Plaintiff filed an application for DIB on August 11, 2003 alleging disability beginning on June 25, 2001. (Tr. 58-60). Plaintiff's claim was initially denied on September 4, 2003 (Tr. 34-36) and was subsequently denied upon reconsideration on January 7, 2004. (Tr. 38-40). The Plaintiff thereafter filed a timely written request for a hearing before an ALJ. (Tr. 41). A hearing was held on May 27, 2005 in Cincinnati, Ohio, at which Plaintiff testified and was represented by counsel. Testimony was also provided by a vocational expert, Dr. George Parsons. (Tr. 394-435).

Following the hearing, the ALJ rendered a decision denying the Plaintiff's claim for benefits. (Tr. 19-26). On August 26, 2006, the Appeals Council denied Plaintiff's request for review of the ALJ decision. (Tr. 5-7). The denial of review made the ALJ's decision the final decision of the Commissioner, meaning that Plaintiff has exhausted his administrative remedies, and that this case is ripe for review under 42 U.S.C. § 405(g).

2

## III. ANALYSIS

**A. Disability Determination**

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ undertakes a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520, 416.920.  Step one examines the work activity of the claimant to determine whether he is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4). Step two is a determination of whether the claimant has a medically determinable "severe impairment" or combination of impairments that qualify as severe. Id. Step three determines whether the claimant's impairments meet the criteria set forth in the regulations to categorize an individual as "disabled." Id. The fourth step examines whether the claimant retains any "residual functional capacity" and whether the claimant can return to his past relevant work. Id. The fifth step determines whether the claimant's residual functional capacity is sufficient to permit the claimant to adjust to other work. Id.

The burdens of proof involved in this process were summarized by the Sixth Circuit Court of Appeals in Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003):

> Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

336 F.3d at 474 (internal citations omitted).

As in Jones, the issue before this court is whether there is substantial evidence on the record to support the ALJ's determination that Plaintiff's residual functioning capacity qualifies him for a large enough number of jobs that he is not "disabled" under the Social Security Act.

3

**B. Standard of Review**

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004) (internal quotations and citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations and citations omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be  appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also, Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

4

**C. Plaintiff's Ability to Perform Other Work**

The Plaintiff contends that the ALJ did not have substantial evidence to support his conclusions at step five of the sequential process described above. In making the determination regarding a claimant's ability to perform other work in the national economy, the burden is on the Commissioner to show that there are a significant number of jobs that fit within the claimant's residual functioning capacity. This information is often provided, as it was in this case, through the testimony of a vocational expert.

This court holds that the ALJ had substantial evidence for finding that there are a sufficient number of suitable jobs in the national economy to preclude the Plaintiff from being "disabled." The Plaintiff's primary argument is that since the ALJ made a determination that the Plaintiff was unable to bend, he should have made a finding that there was no other work available for the Plaintiff. (Record No. 13 at 6). This argument, however, goes too far. The SSRs cited by the Plaintiff do not *require* a finding of disability when an individual's ability to bend or stoop is lessened as a result of a physical impairment. Rather, SSR 96-9p states as follows:

> A complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would *usually* apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work. Consultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping.

SSR 96-9p (emphasis added)

The ALJ followed the recommendation of the SSR by consulting with a vocational expert regarding the impact of Plaintiff's disability on the unskilled occupational base of sedentary work. The vocational expert took the Plaintiff's physical and mental impairments into account, and "was still

able to list jobs existing in significant numbers in the local and national economies that the claimant can still perform." (Tr. 26).

In order to meet the burden of proof on the issue of "other work," the ALJ must "make a finding supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 238 (6th Cir. 2002) (citing Varley v. Sec'y of Health and Human Servs., 820 F.2d 777, 779 (6th Cir. 1987)). The Sixth Circuit has stated that the substantial evidence requirement can be satisfied "through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays [Plaintiff's] individual physical and mental impairments." Id.

In the present case, the ALJ supplied a detailed, accurate hypothetical to the vocational expert, who then listed a large number of jobs that would be available to a person suffering from the impairments described.  The testimony provided by the vocational expert (Tr. 422-433) is sufficient to meet the burden on the Commissioner at step five, and there is substantial evidence on the record to support the ALJ's determination that there is other work available to the Plaintiff as a result of his residual functional capacity.

In addition to the testimony of the vocational expert, the ALJ's ultimate decision rested upon the credibility of the Plaintiff's testimony. A panel of the Sixth Circuit noted that a reviewing court is to accord the ALJ's credibility determinations "great weight and deference" since the ALJ, unlike the reviewing court, has the opportunity of directly observing the witness' demeanor while testifying. Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003). "A determination of disability based on pain by necessity depends largely on the credibility of the claimant." Villarreal v. Sec'y of Health and Human Servs., 818 F.2d 461, 463 (6th Cir. 1987) (internal quotation and citation

omitted). An ALJ's assessment of credibility must be supported by substantial evidence. See Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383, 386-87 (6th Cir. 1978).

In the present case, the ALJ found that Plaintiff was "a generally but not fully credible witness" and that "his testimony did not provide a basis for finding greater limitations than were set forth by his treating surgeon." (Tr. 23-25). The ALJ found that the Plaintiff's use of only over-the-counter medication, as well as the fact that he does not use any ambulatory aids, were inconsistent with his claims of debilitating physical pain. The ALJ also cited a note by Plaintiff's treating physician in which the doctor stated that the Plaintiff "has chronic low back pain but nothing terribly severe." (Tr. 24). The ALJ had substantial evidence for both his credibility determination regarding Plaintiff's testimony, and his decision that Plaintiff is not entitled to Social Security DIB.

**D. Deference to Opinion of Treating Physician**

Finally, the Plaintiff alleges that the ALJ failed to give proper deference to the opinion of the Plaintiff's treating physician, Dr. Christopher Stephens, as required by 20 C.F.R. § 404.1527.[2] Social Security regulations provide that the opinion of treating physician opinion is, under most circumstances, entitled to substantial deference, but that the ALJ is not always bound by that opinion. Jones, 336 F.3d at 477. In order to be entitled to controlling weight, the treating source's opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [must not be] inconsistent with other substantial evidence in [the] case record." 20 C.F.R.§

---

[2] Federal administrative agencies are bound to follow their own regulations, and failure to do so provides grounds for invalidation of agency action. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 545 (6th Cir. 2004); see also, Columbia Broad. Sys. v. U.S., 316 U.S. 407, 422 (1942). Agency violations are particularly likely to be invalidated where the purpose of the regulation was to provide substantive rights or procedural protection to the public. See Note, Violations by Agencies of Their Own Regulations, 87 Harv. L. Rev. 629, 630 (1974).

404.1527(d)(2)(2006).

In the present case, the ALJ gave controlling weight to Dr. Stephens' determination that Plaintiff has "definite and measurable work limitations due to being status post lumbar fusion surgery in June and December 2001." (Tr. 22). The ALJ followed this determination in finding that the Plaintiff's physical limitations prevented him from performing his past relevant work. The ALJ also used the limitations in determining the level of residual functioning capacity retained by the Plaintiff. These findings clearly gave proper deference to Dr. Stephens' opinion.

The Plaintiff alleges that the ALJ erred by failing to give controlling weight to Dr. Stephens' opinion that the Plaintiff was "disabled from any full-time job for which he has the education to perform." (Record 13 at 8). The regulations provide that a statement made by a medical source that an individual is "disabled" or "unable to work,"is not a "medical opinion" within the meaning of the Social Security regulations, and it is not to be given any special significance. 20 C.F.R. § 404.1527(e). The ultimate determination of whether an individual is "disabled" is statutorily reserved to the Commissioner, as it is a dispositive administrative finding. Id.  Furthermore,  the mere fact that the state reviewer noted the statement of Dr. Stephens and accorded it "great weight" does not change the weight to be accorded to the statement by the ALJ. The statement of Dr. Stephens that Plaintiff was "disabled" is not a medical opinion within the meaning of the regulations, and the ALJ did not err by failing to give deference to the statement.

IV. CONCLUSION

For the foregoing reasons, it is recommended that the Plaintiff's Motion for Summary Judgment be denied, the Defendant Commissioner's Motion for Summary Judgment be granted, Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed September 6, 2007.

**Signed By:**

**Edward B. Atkins**   *EBA*

**United States Magistrate Judge**

9